VASSI ILIADIS (Bar No. 296382)
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone:(310) 785-4600
Facsimile: (310) 785-4601
vassi.iliadis@hoganlovells.com

*Attorney for Defendant*
*Change Healthcare Technology*
*Enabled Services, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EMERGENCY MEDICINE SPECIALISTS OF ORANGE COUNTY,

Plaintiff,

v.

CHANGE HEALTHCARE TECHNOLOGY ENABLED SERVICES, LLC.

Defendant.

Case No. 2:25-cv-04382

**NOTICE OF REMOVAL**

Defendant Change Healthcare Technology Enabled Services, LLC ("CHTES") files this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and removes the captioned action presently pending the Superior Court of the State of California, County of Orange as Case No. 30-2025-01476588-CU-BC-CJC to the United States District Court for the Central District of California.

In support of this Notice of Removal, Defendant states as follows:

**COMPLIANCE WITH 28 U.S.C. §§ 1441, 1446**

1. On April 18, 2025, Plaintiff Emergency Medicine Specialists of Orange County ("Plaintiff"), commenced a civil action against CHTES in the Superior Court of the State of California, County of Orange, Case No. 30-2025-01476588-CU-BC-CJC ("State Court Action").[1] Plaintiff served the Complaint on May 6, 2025.

2. CHTES is the only defendant in the State Court Action.[2] No other defendants need join in or consent to the removal of this action. 28 U.S.C. § 1446(b)(2)(A).

[1] The Complaint, which is attached as **Exhibit A**, relates to a cyberattack on Change Healthcare in February 2024. Dozens of cases have been brought against Change Healthcare and its affiliates, including CHTES, in connection with the same cyberattack. On June 7, 2024, the Judicial Panel on Multidistrict Litigation ("JPML") created a multidistrict litigation ("MDL") in the District of Minnesota to consolidate cases arising from the cyberattack for pre-trial proceedings: *In Re: Change Healthcare, Inc. Customer Data Security Breach Litigation*, No. 0:24-md-03108-DWF-DJF (D. Minn.). CHTES will file a Notice of Potential Tag-Along with the JPML to consider whether this case should be consolidated as part of the MDL for pre-trial proceedings.

[2] In addition to CHTES, the Complaint impleads unknown Defendants DOES 1 through 50. Compl. ¶ 5. The Complaint does not make any allegations as to these unknown defendants and does not list DOES 1 through 50 as defendants in the case caption. In determining whether a civil action is removable on the basis of diversity jurisdiction, the citizenship of defendants sued under fictitious names must be disregarded. 28 U.S.C. § 1441(b)(1). Ninth Circuit precedent clarifies that "nominal, unknown or fraudulently joined" defendants are not required to join or consent to removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Losurdo v. JPMorgan Chase Bank, N.A.*, No. LA CV16-01409, 2016 WL 8730559, at *5 (C.D. Cal. May 6, 2016).

3. The Notice of Removal has been filed within the time prescribed in 28 U.S.C. § 1446(b) because it is filed within 30 days of the service of the Complaint upon Defendant.

4. The Superior Court of the State of California, County of Orange is located within this judicial district. 28 U.S.C. § 84(c)(3). The Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

5. A copy of the Complaint (with exhibits) is attached to the Notice of Removal as **Exhibit A**. Copies of all other filings in the State Court Action are attached to the Notice of Removal as **Exhibit B**. 28 U.S.C. § 1446(a). Upon information and belief, and as of the date of this filing of the Notice of Removal, no other pleadings have been filed in the State Court Action and no motions are pending in the State Court Action. A copy of the current State Court Action docket sheet is attached to the Notice of Removal as **Exhibit C**.

6. Pursuant to 28 U.S.C. § 1446(d), upon filing the Notice of Removal, Defendant will promptly provide written notice to Plaintiff and will file a Notice of Filing of Notice of Removal with the Clerk of the Superior Court of the State of California, County of Orange, along with a copy of the Notice of Removal.

## BASIS FOR FEDERAL JURISDICTION

7. Removal of the State Court Action to the United States District Court for the Central District of California is proper under 28 U.S.C. § 1332(a).

8. Under 28 U.S.C. § 1332(a), federal courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

### A. Plaintiff is a Citizen of California.

9. Plaintiff is a citizen of California. Plaintiff is a general partnership organized under the laws of the State of California and its primary place of business

is in California. Compl. ¶ 3. The citizenship of unincorporated entities like partnerships is the citizenship of all its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990).

10. Publicly available filings by Plaintiff with the Orange County Clerk Recorder Department—attached to the Notice of Removal as **Exhibit D**—indicate that Plaintiff's partnership consists of thirty-two entities. Of the thirty-two member entities, thirty-one are corporations formed under the laws of California with their principal places of business in California. Attached to the Notice of Removal as **Exhibit E** are copies of the status of each of these entities available on the California Secretary of State's website. Thus, each of these members is a citizen of California.

11. The only remaining member, MKC-CA Enterprise LLC, is a limited liability company. MKC-CA Enterprise LLC's membership is made up of two individuals, both of whom are residents of Irvine, California. Accordingly, MKC-CA Enterprise LLC is a citizen of California. Attached to the Notice of Removal as **Exhibit F** is a copy of MKC-CA Enterprise LLC's filing with the California Secretary of State.

12. Given that all members of Plaintiff are citizens of California, Plaintiff is a citizen of California.

**B. Defendant is Not a Citizen of California.**

13. Defendant CHTES is a limited liability company. A limited liability company is a citizen of every state in which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). None of the members of CHTES are citizens of California.

14. The sole member of CHTES is Change Healthcare Holdings, LLC, a limited liability company. The sole member of Change Healthcare Holdings, LLC is Change Healthcare Intermediate Holdings, LLC, a limited liability company. The sole member of Change Intermediate Holdings LLC is Change Healthcare LLC, a

limited liability company. The sole member of Change Healthcare LLC is Change Healthcare Holdco Inc. Change Healthcare Holdco Inc. is incorporated in the state of Delaware and its principal place of business is in Tennessee. Thus, CHTES is a citizen of Delaware and Tennessee.

15. "Defendants may remove an action on the basis of diversity of citizenship if there is a complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 84 (2005). Complete diversity exists in this matter because Plaintiff is a citizen of California and Defendant is not a citizen of California. *See* 28 U.S.C. §§ 1332(a)(1), 1441(b)(2).

**C. The Amount in Controversy Exceeds $75,000.**

16. Plaintiff alleges it suffered damages in excess of $3.7 million. Compl. ¶ 58. Thus, the amount in controversy exceeds $75,000.

17. Because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the sum of $75,000, removal is proper under 28 U.S.C. § 1332(a).

**RESERVATION OF RIGHTS AND DEFENSES**

18. Defendant reserves any and all defenses, including, but not limited to, those under FED. R. CIV. P. 12, and does not waive said defenses by the filing of the Notice of Removal.

19. Defendant does not admit any of the allegations in Plaintiff's Complaint, and does not concede that Plaintiff is entitled to any relief.

20. Defendant reserves the right to amend or supplement the Notice of Removal as necessary.

WHEREFORE, Defendant respectfully submits that the State Court Action is properly removed to this Court.



Dated: May 15, 2025

Respectfully submitted,

HOGAN LOVELLS US LLP

By: */s/ Vassi Iliadis*
Vassi Iliadis

*Attorney for Change Healthcare Technology Enabled Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 15th day of May 2025, a copy of the foregoing was served by electronic mail upon the following counsel of record for Plaintiff:

**ANDREW H. SELESNICK** (SBN: 160516)
**PHILIP A. SCARBOROUGH** (SBN: 254934)
BUCHALTER, A Professional Corporation
1000 Wilshire Blvd, #1500
Los Angeles, CA 90017
Telephone: 213.891.0700
Fax: 213.896.0400
Email: aselesnick@buchalter.com
Email: pscarborough@buchalter.com

*Attorneys for Emergency Medicine Specialists of Orange County*

*/s/ Vassi Iliadis*
Vassi Iliadis


HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES